**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SLACK, et al., Plaintiffs, v. SUBURBAN PROPANE PARTNERS, L.P., et al., Defendants. | Civil Action No.: 10-2548 (JLL) OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of two motions for reconsideration of portions of this Court's December 22, 2010 Opinion and Order filed by Plaintiff and Defendant, respectively [Docket Entry Nos. 60 and 61]. The Court has considered the submissions made in support of and in opposition to the instant motions.[1] No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, both motions are denied.

---

[1] The Court notes that Plaintiff has filed an over-length brief in opposition to Defendant's motion for reconsideration in violation of Local Civil Rule 7.2(b). The Court also notes that Defendant has filed a reply brief in connection with its motion, despite the fact that reply briefs are not permitted on a motion for reconsideration pursuant to Local Civil Rule 7.1(d)(3). The Court has, as a one-time courtesy to both sides, considered both submissions.

**BACKGROUND**

As the Court writes only for the parties, a familiarity with the factual and procedural background of this matter will be presumed and only repeated where necessary to provide proper context for the pending motions.  Plaintiff's original Complaint was filed on May 17, 2010.  An Amended Complaint was filed on July 12, 2010.  Defendant subsequently filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  On September 21, 2010, this Court granted Defendant's motion in its entirety and granted Plaintiff leave to amend the following claims: (1) violation of the New Jersey Consumer Fraud Act, (2) unjust enrichment, (3) breach of the covenant of good faith and fair dealing, and (4) violation of the Fair Credit Reporting Act.

Plaintiff filed a Second Amended Complaint on October 18, 2010.  Defendant subsequently filed a motion to dismiss the Second Amended Complaint.  On December 22, 2010, the Court granted in part and denied in part Defendant's motion.  In particular, the Court: (1) dismissed with prejudice Plaintiff's newly asserted claim for violation of the New Jersey Propane Gas Customer Protection Act, (2) dismissed without prejudice Plaintiff's claim for violation of N.J.S.A. 12A:2-305, (3) dismissed without prejudice Plaintiff's Truth-in-Consumer Contract, Warranty & Notice Act claim, (4) dismissed with prejudice Plaintiff's New Jersey Consumer Fraud Act claim, (5) dismissed with prejudice Plaintiff's unjust enrichment claim, and (6) dismissed without prejudice all claims asserted against Suburban Propane Partners, L.P.  The Court denied Defendant's motion to dismiss Plaintiff's implied covenant of good faith and fair dealing and Fair Credit Reporting Act claims, finding, instead, that such claims may proceed as pled at this time.

Currently before the Court is a motion for reconsideration of the Court's December 22, 2010

holding as it pertains to the following two claims: (1) New Jersey Consumer Fraud Act claim, and (2) implied covenant of good faith and fair dealing claim.  Plaintiff asks the Court to reconsider its dismissal of Plaintiff's New Jersey Consumer Fraud Act claim.  Defendant asks the Court to reconsider its denial of Defendant's motion to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

## LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.' " See L.Civ.R. 7.1(i) cmt.6(d); see also Felons v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005).  A party seeking reconsideration shall file and serve its motion within fourteen days after the entry of the order on the original motion. L. Civ. R. 7.1(I).  A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  Id.  When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it."  McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).  Moreover, a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

**DISCUSSION**

The parties ask the Court to reconsider its December 22, 2010 holding as it pertains to the following two claims: (1) New Jersey Consumer Fraud Act claim, and (2) breach of the implied covenant of good faith and fair dealing.

**1.      New Jersey Consumer Fraud Act**

Plaintiff seeks reconsideration of this Court's dismissal of its New Jersey Consumer Fraud Act claim with prejudice.  In support of its motion, Plaintiff presents a variety of arguments, the majority of which were previously presented to and rejected by the Court in its September 21, 2010 Opinion.[2]  As the Court stated in its December 22, 2010 Opinion, Plaintiff did not seek reconsideration of this Court's September 21, 2010 decision; thus, such holdings are now final and may not be revisited by way of a motion for reconsideration of this Court's December 22, 2010 Opinion. As the Court previously explained, Plaintiff's New Jersey Consumer Fraud Act claim was not amended in any meaningful way after it was dismissed without prejudice on September 21, 2010. In liberally construing the Second Amended Complaint, the Court did analyze any "new" facts asserted in support of this claim which the Court was able to glean from the Second Amended Complaint.  Plaintiff does not challenge those portions of the Court's December 22, 2010 decision. Instead, Plaintiff essentially rehashes argument which were already rejected by the Court in its September 21, 2010 Opinion and, in the alternative, argues that because the Court found that

_____

[2] Plaintiff's motion could be denied on this basis alone.  See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d at 352 (clarifying that a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached).

Plaintiff had stated a viable claim for breach of the covenant of good faith and fair dealing, it was erroneous not to allow their NJCFA claim to proceed.

Plaintiff cites to no legal authority for the proposition that a breach of the implied covenant of good faith and fair dealing is per se actionable under the NJCFA. Plaintiff's NJCFA claim was dismissed for failure to allege facts rising to the level of "substantial aggravating circumstances" to constitute an unlawful practice worthy of protection under the New Jersey Consumer Fraud Act. "Substantial aggravating circumstances" are not required in order to state a viable claim for breach of the implied covenant of good faith and fair dealing under New Jersey law. See, e.g., Wilson v. Amerada Hess Corp., 168 N.J. 236, 251 (2001) ("A party exercising its right to use discretion in setting price under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract."). In opposing Defendant's motion to dismiss this claim, Plaintiff did not argue – or cite to legal authority demonstrating – that the exercise of discretionary authority in an arbitrary manner is sufficient, without more, to constitute "substantial aggravating circumstances" for purposes of Plaintiff's NJCFA claim. Even now, Plaintiff fails to cite to any binding legal authority for the more general proposition that a breach of the implied covenant of good faith and fair dealing is per se actionable under the NJCFA. Plaintiff's motion for reconsideration of this Court's dismissal of its NJCFA claim is therefore denied.

2.      **Implied Covenant of Good Faith and Fair Dealing**

Defendant seeks reconsideration of this Court's denial of its motion to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.  Defendant's motions is based on two theories: (1) there is no authority for the proposition that allegations of price reductions in response to customer complaints, without more, are sufficient to state a claim for breach of the implied covenant of good faith and fair dealing, and (2) in any event, the Court erred in allowing Plaintiff's claim to proceed inasmuch as it lacks specific factual allegations that Suburban acted with an improper motive.

As to Defendant's first point, as a preliminary matter, Defendant did not raise this argument in seeking dismissal of this claim.  The Court noted as much in its December 22, 2010 Opinion.  See Dec. 22, 2010 Opinion at 20.  A motion for reconsideration may not be used to argue new matters that could have been raised before the original decision was reached.  See, e.g., P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d at 352.  Defendant's motion, to the extent it relies on this theory, could be denied on this basis alone.

Even if the Court were to consider this newly raised argument, the Court did not conclusively determine – as Defendant suggests – that allegations of price reductions in response to customer complaints are – alone – sufficient to sustain a claim for breach of the covenant of good faith and fair dealing.  Rather, the Court reiterated the test for determining whether the implied covenant of good faith and fair dealing has been breached under New Jersey law – namely, "a party exercising its right to use discretion in setting price under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under

the contract." Wilson, 168 N.J. at 251.  The Court went on to find that Plaintiff's specific allegations concerning "after-the-fact price reductions" could be construed as suggestive that Defendant has exercised their discretionary authority over its pricing arrangements in an arbitrary manner.  Such allegations were not made in the abstract.  Plaintiffs Moat, Keith and Susan Hughes and Farber all alleged similar experiences concerning price reductions in response to their complaints of inflated prices.  To be clear, the Court did not hold that such allegations, alone, automatically state a claim for breach of the implied covenant of good faith and fair dealing.  The Court merely found that given such allegations, Plaintiff has succeeded in raising the "reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of the claim to the next stage of litigation.  Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

Plaintiff also alleged that Defendant engaged in such conduct (of exercising their discretionary authority in an arbitrary manner) "with the objective of preventing its residential propane customers from receiving their reasonably expected fruits under such contracts." (Second Am. Compl., ¶ 252).  Although such allegations concerning improper motive could be bolstered with additional factual support, the Wilson court specifically acknowledged that a plaintiff pursuing a claim for breach of the implied covenant of good faith and fair dealing must be given a full opportunity to show a defendant's bad motive. See Wilson, 168 N.J. at 252-54 ("Here, the contention is that Hess set prices intending to destroy plaintiffs economically. Although that allegation may be difficult to prove . . . . a plaintiff must have a reasonable opportunity to obtain facts not available to it other than through formal discovery.").  In light of the foregoing, and given the specific allegations made by Plaintiff concerning "after-the-fact price reductions," which allowed the Court to draw the reasonable inference that Defendant has exercised its discretionary authority over its pricing

arrangements in an arbitrary manner, the Court found that dismissal of this claim without the benefit of discovery, in the context of this particular matter, would be premature.

Whether or not Plaintiff will ultimately meet its burden of demonstrating that Defendant, in fact, exercised its discretionary authority arbitrarily, unreasonably, or capriciously, <u>and</u> with the objective of preventing Plaintiff from receiving its reasonably expected fruits under the parties' agreement remains to be seen.   The standard on a motion to dismiss is "not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."   <u>Bensel v. Allied Pilots Ass'n</u>, 387 F.3d 298, 312 (3d Cir. 2004).  Viewing Plaintiff's allegations in support of this claim, as discussed above, in the light most favorable to Plaintiff, the non-moving party, the Court simply found that Plaintiff should be afforded an opportunity to offer evidence in support of same.  The Court did <u>not</u> conclusively determine that allegations concerning price reductions in response to customer complaints, without more, are sufficient to state a claim for breach of the implied covenant of good faith and fair dealing.  To the extent Defendant now seeks reconsideration on the basis that the Court erred in making this determination, Defendant's motion is denied.

<u>**CONCLUSION**</u>

Based on the reasons set forth above, both motions for reconsideration are hereby denied.

An appropriate Order accompanies this Opinion.

DATE: February 14, 2011

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE